JOSEPH BERGER *vs.* BOARD OF EXAMINERS IN OPTOMETRY *et al.*

JUNE 11, 1948.

PRESENT: Flynn, C. J., Capotosto and Condon, JJ.

FLYNN, C. J.   This is a petition for certiorari to declare illegal and to quash the actions of the board of examiners in optometry and the director of health for the state of Rhode Island respectively in hearing certain charges against the petitioner and in revoking his license to practise optometry under general laws 1938, chapter 277, as amended.   The writ was issued and pursuant thereto the respondents have certified to this court all the pertinent records relating to the actions in question.

The following facts, among others, appear from these records.   The petitioner Joseph Berger, at the time of the hearing before the respondent board of examiners, was duly licensed to practise optometry under the provisions of G. L. 1938, chap. 277, as amended.   The respondents are Carl Jagolinzer, Thomas Costa, and Hugh Cunningham, who were duly appointed to constitute the state

board of examiners in optometry under §6 of said statute, and Edward A. McLaughlin, director of health for the state of Rhode Island. The director of health did not participate with the other respondents, hereinafter called the board, in the hearing of the charges referred to, but did join them in the written revocation of the petitioner's license.

The Rhode Island Society of Optometry, which is not a state agency, and hereinafter will be referred to as the complaining society, through its attorney complained by letter to the department of health that several named business firms were practising optometry in violation of the law. Among the concerns designated in that letter was Gerber's, Inc., which is located at 240 Westminster street in the city of Providence. As a result of that complaint the department of health, through the chief of division of professional regulation, formerly the division of examiners, sent an investigator to find out who was the licensed optometrist at each of the places mentioned. After visiting such places the investigator made a report, the pertinent part of which for this proceeding reads:

> "Thursday, December 5, 1946.
> Report of my investigation on Optometrists in the following stores:
> Gerber's Jewelry (sic) Store, Providence. Optom. Dr. Joseph Berger. * * *
>
> (signed)    Roland F. Messinger
> Investigator"

Thereupon the following notice was mailed to the petitioner:

> "December 12, 1946
> Dr. Joseph Berger
> c/o Gerber's
> 240 Westminster St.
> Providence, R. I.
> Dear Dr. Berger:
> The Board of Examiners in Optometry in the Division of Professional Regulation will hold a hearing at

10:00 A.M., on February 20, 1947, in Room 365 State Office Building, Providence, relative to your right to continue to be licensed as an optometrist in the State of Rhode Island.

This hearing will be held under the provisions of Section 9, Chapter 277, General Laws, 1938, as amended. You have been charged with advertising, practicing or attempting to practice under a name other than your own.

You are requested to appear before the Board at that time to show cause why your license should not be suspended or revoked.

Respectfully yours,
Thomas B. Casey, Chief"

A hearing was held by the board at the time and place stated in the notice and at that and all adjourned hearings the petitioner appeared and was represented by counsel. Evidence was presented before the board, and the petitioner was given an opportunity to cross-examine the witnesses and to present such other evidence as he desired and as the board deemed to be pertinent.

The principal evidence, in addition to the facts already mentioned, was submitted largely by members of the complaining society. That evidence tended to show that Gerber's, Inc. was not incorporated until after May 1936, and therefore was not entitled to practise optometry under the exception or saving provision of. §11, chap. 277, as amended; that Gerber's, Inc. nevertheless was advertising and practising optometry as defined or described in that statute; and that it had inserted in the classified section of the telephone book, in one or more radio broadcasts, and in at least one newspaper certain advertisements offering the services of an optometrist at its place of business. The newspaper advertisement, at the top thereof, offered the services of "Dr. Joseph Berger" in the examination of eyes and general practise of optometry, and showed at the bottom the name of "Gerber's 240 Westminster Street" as the location where those services were available. The

advertisement in the telephone book did not contain the name of Dr. Berger or any optometrist, but appeared as "Gerber's 240 Westminster" under the classification "Optometrists."

In addition there was evidence that inside the window on the left-hand side of the Westminster street branch of Gerber's, Inc. was a sign which read: "Dr. Berger, Eyes Examined, Prescriptions Filled, and Lenses Repaired"; and that there were optical supplies nearby in the window. The investigator for the state department identified his report and testified that when he delivered to the petitioner on the premises of Gerber's, Inc. at 240 Westminster street the notice of charges Dr. Berger had told him that "he worked there."

The secretary of the complaining society testified that all the members of the board were also active members of that society and that Dr. Berger was not a member; that he had seen Dr. Berger in Gerber's place of business; that he had seen advertisements of Gerber's, Inc. in the newspaper carrying the name of Dr. Berger; that he had "known people going in there" to have their eyes examined by Dr. Berger; and that he had also known people "that have received bills from Gerber's." No further details were given.

The board also considered, over the petitioner's objection, a transcript of the evidence appearing in another case, namely, *MacBeth* v. *Gerber's, Inc.*, 72 R. I. 102. In that case an employee of Gerber's, Inc. and George Gerber its president testified to the effect that Gerber's, Inc. owned the equipment and stock of merchandise in the optical department at 240 Westminster street; that it was responsible for all the pertinent newspaper, radio and other advertising; that in the conduct of the business of optometry and the optical department it always had a registered optometrist in attendance; and that Dr. Berger was the optometrist at 240 Westminster street.

The petitioner, as respondent before the board, did not testify personally, but at the outset and throughout the

hearing his attorney insisted by various motions and objections (1) that the board was not legally authorized to hear the charges in question; (2) that the charges were defective, uncertain, and did not give the notice required under the law; (3) that the petitioner did not receive a full, fair and impartial hearing before a competent tribunal; (4) that the enforcement of chap. 277, as amended, was undertaken by improper parties; and (5) that the decision and action of the board and the director of health are not supported by legally competent evidence.

Notwithstanding these motions and objections, the board resolved all the issues in favor of its own jurisdiction and competency to hear the matter and against the petitioner's contentions, and by a letter in writing dated March 21, 1947, signed by the members of the board and the director of health, notified the petitioner that his license to practise optometry was forthwith revoked.

In support of his petition the petitioner has renewed before us the five above-mentioned contentions and objections. The parties are in agreement that certiorari is the proper remedy in the circumstances because the statute provides no other method by which the board's decision can be reviewed. See *Stefanik* v. *Nursing Education Committee,* 70 R. I. 136. Further, the petitioner does not question the constitutionality of any part of the statute, but in that connection restricts his contentions to his interpretation of that statute as amended.

In these circumstances, if any of the grounds urged by the petitioner is valid he would be entitled to relief in this proceeding. While the board admitted and considered certain evidence over the petitioner's objections and motions to strike, which objections and motions raise substantial doubt as to the correctness of the rulings thereon, nevertheless in view of our ultimate conclusion we may assume for our purposes that all such evidence was properly introduced and was pertinent for consideration by the board. Similarly we may assume that the board properly

rejected the first four above-mentioned contentions of the petitioner because we are of the opinion that in any event we must sustain the petitioner's fifth contention, namely, that there was no legal evidence to support the decision of the board.

The notice charged the petitioner only "with advertising, practicing or attempting to practice under a name other than your own." That language is taken practically verbatim from one of several grounds authorizing the revocation of a license of an optometrist, after prescribed notice and hearing, as stated in §9, chap. 277. What constitutes "advertising, practising or attempting to practise under a name other than his own" is not otherwise defined or described in the statute. According to the evidence no rule or regulation upon that subject was ever adopted and published by the board or any proper authority. Hence the language of the statute, which is incorporated in the notice of charges, must be construed in its ordinary and natural sense, having regard for the context and the general purpose of the act.

We have held in substance that the primary purpose of this statute was to protect the public, in a matter closely related to their health and general welfare, from the harmful consequences of the practise of optometry by unfit and unauthorized persons; and also that it was not intended by this enactment to secure registered optometrists against pecuniary loss as a result of *lawful* competition. *MacBeth v. Gerber's, Inc., supra.*

Having that purpose in mind, we think the provision against an optometrist's "advertising, practising or attempting to practise under a name other than his own" was intended to mean precisely what it states. In our judgment it was not intended by this language, as respondents seem to argue, that a licensed optometrist is prohibited from having an office in a place of business where optical goods are sold at retail as merchandise, or from practising optometry and also working for another person in the latter's place

of business, or from indirectly aiding another person in advertising that optical goods and the services of a licensed optometrist are available at such place of business. Respondents have not pointed out any provision to that effect.

Indeed, §11 of the statute requires that a licensed optometrist or an authorized physician shall be in charge of and in personal attendance at the booth, counter or place where optical goods are sold at retail as merchandise. Apparently this provision is intended to protect the members of the public against being fitted with improper lenses by *unauthorized* practitioners. How that can be achieved unless an authorized practitioner is retained and held out as performing services in optometry is difficult to see.

Moreover, when the legislature intended to provide rules by which certain facts were deemed to be evidence of the practise of optometry, it said so expressly in §11 of the statute. But we find no similar provision as to what would constitute evidence of "advertising, practising or attempting to practise under a name other than his own." To extend the meaning of the words used in the statute to fit the evidence and contention of the respondents would amount to adding new and different grounds for revocation of a license. This would be unreasonable, especially since the statute contains penalties by way of possible criminal prosecution and forfeiture of a license for violation thereof. See G. L. 1938, chap. 277, §§9, 14.

In the absence of such prohibitions, either expressed or necessarily implied, the controlling question here is whether there is legal evidence to support a finding that Dr. Berger himself had advertised, practised or attempted to practise optometry under a name other than his own. We find no legal evidence that he had inserted or was responsible for any advertising, much less for advertising under a name other than his own. The uncontradicted evidence is that Gerber's, Inc. was responsible for all the advertising referred to in the evidence, namely, in the telephone book, in radio broadcasts, and in the newspaper. On the sign

inside the window of Gerber's, Inc., as also in the advertisement inserted by it in the newspaper, references to examinations of the eyes and other proper services of a licensed optometrist as contemplated in the statute were made under Dr. Berger's own name and not under the name of another. The evidence also shows that Dr. Berger was a duly licensed optometrist and that all the practising of optometry by him was done in his own name. In no instance do we find evidence to support the charges that Dr. Berger advertised, practised, or attempted to practise optometry under a name other than his own.

In the circumstances we conclude that the ultimate decision of the board upon the hearing of the charges and the action of the board and the director of health in revoking the petitioner's license are not supported by any legal evidence, and therefore that the petitioner is entitled to relief.

The decision of the board of examiners in optometry and the action of the board and the director of health in revoking petitioner's license are quashed, and the records heretofore certified to this court are ordered to be returned to the respondents.

*Jacob S. Temkin, Jeremiah J. Gorin,* for petitioner.

*John H. Nolan,* Atty. Gen., *A. Norman LaSalle,* Ass't. Atty. Gen., *James E. Brothers, Eugene J. Sullivan, Jr.,* of Counsel, for respondents.